The appellant in this case declines to accept the government's invitation that they would like a limited remand because we believe that nothing less than a full vacation of the sentence and a de novo sentencing hearing would be in the best interest of the appellant. And I believe we can get there by showing that when the court was analyzing the mandatory guidelines back then, there was a mistake made by all the parties below. And the critical mistake was in this case, we had an undercover buy with 5,000 pills. And what the weight that the government is contending was stipulated to was the gross weight of the grams of the pills, where if you use the 1998 guideline book, you actually use the active weight or the pure ingredient. And that's what causes the base offense to go down to 16 instead of 20. Did you waive your right to appeal? The appellate waiver that was included in this case specifically stated that any sentence above 36 months or 33 months could be appealed. And it specifically states any sentence not so imposed. It's baffling to me why the government keeps contending that the appellate waiver in this case is applicable because clearly the court when sentencing the appellant to 63 months was above and beyond the appellate waiver. As a reminder, when we received this case, this case was already in the dismissal state because the counsel below had forgot to oppose the original motion. But on page 15 of our brief, we underline where it says the defendant reserves his right to appeal any sentence not so imposed. And then it refers you back to the two sections of the plea agreement which stipulate any sentence above 33 months. And so once that sentence was higher than any sentence... But if he's a criminal history category 6, that's a 70 to 87-month sentence. Correct. He was a criminal history category 2. And so his sentence would have been in the 36 to 43 range. But he received a 63-month sentence, so the appellate waiver is not applicable at all because his counsel specifically reserved the right to appeal any sentence not so imposed. And so the range that was stipulated to... The reason why this was different was because the government then sought an obstruction of justice enhancement which wasn't contemplated by the original plea agreement. And then they refused to recommend the three levels for acceptance of responsibility which we contended in other sections of our brief was an additional breach of the plea agreement. And we cited the Second Circuit case of Rivera which said that if the government wants to relieve itself of obligations in a plea agreement after a defendant breaches, they must specifically enumerate their ability to do so and they did not do so in this agreement. I don't believe the appellate waiver is an issue because of the fact that the sentence was 63 months and it wasn't the sentence that was so imposed. But I'm happy to address because obviously I don't want to have the appellate waiver deprive the court of jurisdiction so I'm happy to address any questions on that if that's a critical issue. Tell me where the mandatory minimum plays a role here. In MDMA there is no mandatory minimum, Your Honor. MDMA doesn't have a congressionally enacted mandatory minimum scheme. That's only methamphetamine. How about subdivision E of the plea agreement? 1E I think it is. The defendant understands and agrees that the above calculation of sentence based offense level and criminal history categories based on information currently available and could change. What does that mean? That means that if probation misses a prior conviction or at the time of the sentence there was some conviction that was unknown that the criminal history category could change and that was based on the information that was available at the time he changed his plea. But the fact is that the information didn't change. The government has now creatively tried to suggest that simply because he absconded that information has now changed. They cited a case which I don't believe is applicable in a 28 letter but what's relevant is that in this case he was only acknowledging that at the time of the plea that was the information that was available. What that clause is usually inserted is when they come to the sentencing hearing in the interim the probation department prepares a PSR and it's possible the defendant has to acknowledge that when they come to the sentencing hearing if he forgot to tell them about 10 suspended driver's license convictions or drunk driving convictions those misdemeanors or unknown minor convictions could push the criminal history category up to a level that wasn't contemplated. But I don't think that has anything to do with the appellate waiver. I think once the sentence pierces that 36 level month then he's entitled to litigate the appeal because obviously he was reserving his right to appeal something and that's why in bold language the defendant reserves his right to appeal any sentence not so imposed. So if the court had decided to depart from the plea agreement obviously he could appeal. In this case this was just a departure that occurred four years later but it still doesn't deprive the court of jurisdiction once there was a sentence not so imposed. Counsel your client was a fugitive from justice for three years. Did this occur after the plea agreement or before? After and then he voluntarily surrendered himself. Okay but doesn't that minor development play a role in this whole matter? Well there was some extensive conflict issue with counsel below litigated and there was he had just had a newborn baby and he voluntarily surrendered expressed remorse the government chose not to charge him any additionally he came back to court. I think all the reasons why he absconded are maybe relevant in an emotional issue or maybe for the sentencing judge but they're not relevant to the contractual issues in the plea agreement because the plea agreement did not have a forfeiture provision that if he didn't show up for sentencing then the agreement would be forfeited and I see those commonly in the central district. This was a district of Nevada plea agreement but the government had the option of including all sorts of conditions if the defendant didn't appear for sentencing but they didn't and because the government is trying to construe a contractual provision strictly against the appellant I think that you cannot graft additional penalties if the appellant fails to appear. And I have about 2 minutes and 15 seconds left so I would just like to reserve. Thank you, Your Honor. We'll hear from the government. Good morning. I'm Gregory Dam, an assistant United States Attorney representing the District of Nevada in this matter. May it please the Court and Mr. Richards. The appellant has suggested that the United States breached the plea agreement in this case by not recommending that the defendant receive a three-level reduction for acceptance of responsibility. The plea agreement was not breached by the United States. The plea agreement had a very clear contingency provision in it. The one I read, right? That's correct. That contingency agreement has been recognized by this Court in a case very similar to this one, United States v. Trapp, which I submitted to this Court by way of a 28-J letter on Monday. That case indicated that the parties agreed and understood, pursuant to the language, that the criminal history, that the guideline calculations were based upon information currently available and could change. As this Court has recognized, those circumstances changed dramatically when Mr. Weissfuss decided not to appear for his sentencing. He, therefore, did not receive the three-point reduction for acceptance of responsibility, and he received an additional enhancement for obstruction of justice. What about Mr. Richard's argument that there was no provision in the plea agreement about the effect of failing to show up for sentencing? That's correct. There was no particular provision. But as I've indicated in our brief, there is an implicit understanding in plea agreements that when someone, a defendant pleads guilty pursuant to a plea agreement and has a sentencing date set, that they're supposed to show up for sentencing. Sort of an implied covenant of good faith and fair dealing, huh? Exactly. It's much like — Does that nullify the plea agreement? What effect does that have as a matter of law? What effect it has is that it relieved the United States of its obligation to recommend that the defendant receive a three-point reduction for acceptance of responsibility. That's the only effect that it would have on the plea agreement. The government should still be entitled to rely upon its bargain for waiver of appeal. Why is that? Your argument has some force with respect to that that clause may relieve the government or prevent any argument that you've breached the agreement. But why does that clause require us to recognize the waiver? Because the waiver is very specific. Waiver says — Absolutely. The waiver — Waiver ties it back to specific provisions in the plea agreement. And here, one of the provisions that the district court applied, for example, was, you know, he absconded, interference with justice. And tacked on, what was it, two extra points? Yes, that's correct. So that clause wasn't in the plea agreement. So why should — why did he waive his right to appeal that — the application of that enhancement? Well, because it seems to me illogical to suggest that had the defendant appeared for sentencing, he would have been sentenced as contemplated under the plea agreement. He would not have had the right to appeal. But since he breaches the plea agreement and absconds, then now he obtains a right that he didn't have — Couldn't he have a limited — a limited appeal right just to appeal the determination that — the application of the enhancement? I wouldn't have any particular objection to that. But that's an issue that the defendant didn't raise at the time of sentencing and didn't preserve that issue below, in much the same way he didn't preserve any of the other — Well, the waiver just deals with our jurisdictions. I'm just wondering if — Correct. We have some jurisdiction to review his sentence. It appears to me that the appeal waiver should control and the appeal should — Even the application of the enhancement for — Well, that issue has not been raised by the defendant either at the time of sentencing or in his brief. So there's nothing really to review there. Well, no. It relates to our jurisdiction. No, I understand that. But your jurisdiction has to be based upon an issue that's raised, and that issue hasn't been raised. I suppose — You mean that he doesn't challenge the application of the — Correct. Had he raised that issue, maybe we would have a different outcome. But he didn't raise that issue. He raises a number of other issues that I suggest to the Court have been waived as well. He argues that the drug quantity of the MDA was incorrectly calculated. The defendant stipulated to the drug quantity there was no objection to the calculation at the time of sentencing. And, in fact, it doesn't matter anyway because what really controlled the sentence in this case was the money laundering guideline calculation, not the drug quantity calculation. He also, in a case that the wrong edition of the guideline was used, prejudicing him, he stipulated to the use of the 1998 guideline book, and he made no objection to the use of that book at the time of the sentencing. Throughout his blue brief and reply brief, he suggests to the Court that the 1998 version of the guideline should be used for the drug calculation, but then he goes on to suggest in his reply brief at page 22 that the 2001 version of the guideline manual should be used. In his blue brief at page 9, he suggests that the 2003 version of the guideline book be used. And in his blue brief at page 14, he even suggests that the 2004 guideline book be used. I really can't figure out which guideline book he would like the Court to use. Well, I'm still thinking through your comment that because he didn't raise the instruction of justice enhancement, that shouldn't allow him, or that shouldn't divest us of jurisdiction, I guess, is what you're saying. In other words, we have to look to determine whether we have to. You raised the argument that you have no jurisdiction because he waived his right to appeal. You go to the waiver, you look at the waiver, and it's very concrete in how it applies. This particular enhancement was not in that waiver, so I guess we would have jurisdiction to review that. But for all practical purposes, it's meaningless because he doesn't challenge the application of that enhancement. Well, not only doesn't he challenge it. He didn't challenge it at the time of the sentencing. He doesn't challenge it now before this Court. I don't know that this Court can create jurisdiction based upon some theoretical issue that could have been raised but wasn't raised. It seems to me we have to deal with the issues that were raised, not the issues that could have been raised to establish jurisdiction. The defendant also suggests that in the event that this Court remands the case for resentencing, if this Court does not follow the argument that I've made that the appeal waiver should control, the defendant has indicated that he wants a de novo resentence. That's a vacating remand. Correct. I'd suggest that any remand, if this Court does remand the case, should be the limited remand under the Moreno-Hernandez case that I've cited in my 28-J letter as well. All in all, this has been a bit of a frustrating case for me. I had a tacit understanding with Mr. Weiss's previous attorney that I would not indict him for his failure to appear at sentencing, and that's largely how we ended up with the initial sentencing that we did. But as a result, I've moved to dismiss this case once. It's been dismissed once. Then those briefs were stricken. I've had to respond to another appeal. I suppose in retrospect, I should have probably just indicted Mr. Weiss for failing to appear. But nonetheless, we're where we are, and I would urge this Court to follow the arguments of the United States, dismiss this case based upon the appellate waiver, and if not, just remand it for the limited remand purposes.  Thank you, counsel. Mr. Richards, you have some reserve time. Yes, thank you, Your Honor. I want to address Judge Piazza's concern about the limited appeal waiver. We're not suggesting that it's an issue-based appellate waiver. It's a years-based appellate waiver. Once the sentence was over 36 months, this Court has jurisdiction. Once this Court has jurisdiction, we're free to argue any misapplication of the guidelines, and there was clearly plain error by applying the gross weight. Counsel and I don't disagree. There was a stipulation to gross weight of the MDMA, the 5,000 pills, at about 1,400 grams, but it absolutely meant nothing because the guidelines under Note 10 and 11 require you to apply the pure weight. There was an error. So once I have jurisdiction, I'm now bound to argue zealously on behalf of my client. It's not my fault that his counsel below didn't understand the difference. And once we're here, you can apply plain error review to a misapplication of the guidelines. Once we have an error in the application of the mandatory guidelines, we're entitled to the sentence to be vacated and allow him to have a regular sentencing hearing where he can properly have the guidelines applied in an advisory role, and then the Court can consider the 3553A factors. You heard Mr. Dam's view as to the effect of failing to appear for sentencing on the plea agreement. What's your view? Mr. Dam argued some amorphous good faith and fair dealing, but it's sort of unfair. I raised that. I just wasn't making a comment. He seemed to go along with it. We evaluate these plea agreements as though they were contracts. I just made a little comment, you know, good faith and fair dealing on both sides. I don't apply. But when you have something as severe as depriving someone of their jurisdiction or a forfeiture of certain terms, it has to be expressed, and that's why the Second Circuit put the government on notice in that 1992 Rivera case, which I cited in my brief, saying, if you're going to deprive the government of certain obligations or forfeit provisions of the defendant, you have to have the defendant expressly waive them. I'm not suggesting that Mr. Dam is not precluded from arguing the Court to apply or not apply other applications of the guidelines, but if I've shown that the core applications and really nothing that's been said today really persuades anybody differently, he should be entitled to just have a sentencing hearing with competent counsel. And what happened in this case was there was gross error in the weight and also the guideline book that was used. They should have used the 2004. When it comes back, they'll actually use the latest guideline book at the time of sentencing, which probably would be, if you did remand it, which would be the November 2005 guideline book. If it's out, if it's not out, they'd use the 2004. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: Hall, O'scannlain, Paez